UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARJINDER SANDHU,

                Petitioner,

v.

IMMIGRATION AND CUSTOMS ENFORCEMENT FIELD OFFICE DIRECTOR,

                Respondent.

Case No. 2:23-cv-01532-RAJ-TLF

REPORT AND RECOMMENDATION

Noted for <u>January 19, 2024</u>

Petitioner, who is unrepresented by counsel, initiated this 28 U.S.C. § 2241 immigration habeas corpus petition to obtain release from immigration detention or a bond hearing. Dkts. 1, 3. On November 15, 2023, the Government moved to dismiss, arguing that petitioner was not entitled to release or a bond hearing. Dkt. 6. Petitioner did not file an opposition by the deadline. Thereafter, on December 21, 2023, the Government notified the Court that petitioner has been removed and asked the Court to dismiss this action as moot. Dkt. 9.

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Because petitioner's habeas petition challenges only

REPORT AND RECOMMENDATION - 1

the length of his immigration detention, his removal causes this case to become moot. *See id.* at 1065. Accordingly, there is no collateral consequence that could be redressed by the Court, and petitioner's habeas petition should be dismissed. *See id.*

Accordingly, the Court recommends the Government's motion to dismiss, Dkt. 6, be **GRANTED** and that petitioner's habeas petition and this action be **DISMISSED** without prejudice as the matter is now moot. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **January 19, 2024**, as noted in the caption.

Dated this 26th day of December, 2023.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2